AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

```
FILED
5/31/2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          VYC          DEPUTY
```

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Light Blue Samsung Cellphone
Model: Unknown
With no other identifying numbers and features

)
)
)
)
)
)

Case No.    23MJ8394

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-5, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Robert Perez incorporated herein by reference.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Border Patrol Agent Robert Perez
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date:    _____05/26/2023_____

_____
*Judge's signature*

City and state:   El Centro, California

HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A-6
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-6**:                    Samsung Cellphone

Model: Unknown

IMEI: Unknown

Seized from Haydeel CORRAL-Quintanar

**(Target Device #6)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of April 12, 2023, up to and including May 12, 2023, and is limited to the following:

a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.    tending to identify the user of, or persons with control over or access to, the Target Device;

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

## AFFIDAVIT

I, Robert Perez, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.    I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**        Blue Revvl Cellphone
             Model: Unknown
             With no other identifying numbers and features
             Seized from Kimberley Ann JIMENEZ
             **(Target Device #1)**

**A-2:**        Black and White iPhone
             Model: Unknown
             With no other identifying numbers and features
             Seized from Kimberley Ann JIMENEZ
             **(Target Device #2)**

**A-3:**        One plus Cellphone
             Model: Unknown
             With no other identifying numbers and features
             Seized from Kimberley Ann JIMENEZ
             **(Target Device #3)**

**A-4:**        Samsung Cellphone
             Model: Unknown
             With no other identifying numbers and features
             Seized from Irma Rosa ORTIZ
             **(Target Device #4)**

**A-5:**        Light Blue Samsung Cellphone
             Model: Unknown
             With no other identifying numbers and features
             Seized from Denisse Marlen TIENDA-Santos
             **(Target Device #5)**

**A-6:**               Samsung Cellphone
                       Model: Unknown
                       With no other identifying numbers and features
                       Seized from Haydeel CORRAL-Quintanar
                       **(Target Device #6)**

as further described in Attachments A-1 to A-6, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.      The requested warrant relates to the investigation and prosecution of Kimberley Ann Jimenez (JIMENEZ) and Irma Rosa Ortiz (ORTIZ) for transportation of illegal aliens Denisse Marlen TIENDA-Santos and Haydeel CORRAL-Quintanar (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from JIMENEZ, ORTIZ and the Material Witnesses on or about May 11, 2023, incident to the arrest of JIMENEZ, ORTIZ and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.      Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

**EXPERIENCE AND TRAINING**

4.      I am a United States Border Patrol Agent and have been so employed since 2000.  I am currently assigned to the El Centro Station, and I am currently a member of the El Centro Sector Prosecutions Unit.  I am a graduate of the Border Patrol Basic Academy at the Federal Law Enforcement Training Center in Glynco, Georgia and a Federal Law Enforcement Officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of

Criminal Procedure. I am authorized by Rule 41(a) of the Federal Rules of Criminal Procedure to make applications for search and seizure warrants and serve arrest warrants. I have experience in and have received training with respect to conducting investigations of violations of Titles 8, 18, 19, and 21 of the United States Code.

5. I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6. Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California. I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities. Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7. The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the

arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens. For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors. Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8.      Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.      This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

    a.      tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.     tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.     tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.     tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.     tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE.

10.    On May 11, 2023, the Calexico Border Patrol Station's Highway Interdiction Team (HIT) was conducting surveillance in the East Desert of the Calexico Border Patrol Station's Area of Responsibility approximately 18 miles east of the Calexico Port of Entry. At approximately 5:00 a.m., BPA A. Pena, who is assigned to the HIT and was working in the Remote Video Surveillance System (RVSS) room, observed the three suspected illegal aliens swimming north across the All-American Canal (AAC). BPA A. Pena observed that the suspected illegal aliens were approximately two miles west of Imperial Irrigation District's (IID) Hydroelectric Drop 3.

11.    At approximately 1:50 p.m., BPA A. Pena observed the suspected illegal aliens exit the AAC and make their way northbound towards Highway 98. BPA A. Pena observed the suspected illegal aliens stop a few yards south of Highway 98 and hide in some brush. BPA A. Pena relayed all this information to his fellow HIT agents in the field. At approximately 2:10 p.m., BPA A. Pena observed the suspected illegal aliens run towards Highway 98. At this time, BPA A. Pena observed a black sedan, later identified as a 2012 Buick Regal, driving east on Highway 98. BPA A. Pena observed the Buick pull to the

shoulder and stop directly north of the suspected illegal aliens. BPA A. Pena observed the suspected illegal aliens board the Buick. BPA A. Pena relayed this information to HIT agents in the field.

12.     At approximately 2:10 p.m., BPA A. Pena observed the suspected illegal aliens run towards Highway 98. At this time, BPA A. Pena observed a black sedan, later identified as a 2012 Buick Regal, driving east on Highway 98. BPA A. Pena observed the Buick pull to the shoulder and stop directly north of the suspected illegal aliens. BPA A. Pena observed the suspected illegal aliens board the Buick. BPA A. Pena relayed this information to HIT agents in the field. BPA A. Mills, who was driving a fully marked Border Patrol vehicle, was parked near the area where the Buick was seen picking up the suspected illegal aliens. BPA A. Mills drove his service vehicle eastbound on Highway 98 and observed the Buick stopped on the shoulder of Highway 98 facing eastbound. BPA A. Mills observed the Buick reenter Highway 98 and drive eastbound. BPA A. Mills drove his service vehicle behind the Buick and began to follow the vehicle. After following the Buick for approximately three miles, BPA A. Mills activated his service vehicle's emergency lights and siren to signal for the Buick to stop. The Buick stopped approximately one mile west of the Highway 98 and Interstate 8 junction overpass (East Y). BPA D. Davalos also joined BPA A. Mills on the vehicle stop.

13.     BPA A. Mills approached the driver side of the Buick and identified himself as a United States Border Patrol Agent to the occupants of the Buick. BPA A. Mills questioned the driver of the Buick, later identified as, Kimberley Ann JIMENEZ regarding her citizenship. BPA A. Mills was able to determine that JIMENEZ is a United States citizen. BPA A. Mills ordered JIMENEZ to exit the Buick. JIMENEZ exited the Buick and was detained in handcuffs by BPA A. Mills. As JIMENEZ was being detained, BPA D. Davalos approached the passenger side of the Buick. BPA D. Davalos identified himself as a United States Border Patrol Agent to the occupants of the Buick. BPA D. Davalos ordered the front seat passenger of the Buick, later identified as Irma Rosa ORTIZ, to exit the vehicle. ORTIZ exited the Buick and BPA D. Davalos detained ORTIZ in handcuffs.

1   BPA D. Davalos questioned ORTIZ regarding her citizenship. BPA D. Davalos was able
2   to determine that she is a United States citizen. BPA A. Mills then questioned the three rear
3   passengers of the Buick, later identified as Denisse Marlen TIENDA-Santos, Haydeel
4   CORRAL-Quintanar, and J.M.S. BPA Mills was able to determine that all the rear
5   passengers are Mexican citizens illegally present in the United States.  JIMENEZ, ORTIZ,
6   TIENDA, CORRAL and J.M.S. were placed under arrest and were transported to the
7   Calexico Border Patrol Station for further processing and interviews.
8        14.    On May 11, 2023, a video recorded sworn statement was taken on the co-
9   principal, Irma Rosa ORTIZ. At approximately 3:56 pm, BPA D. Davalos read ORTIZ her
10  Miranda Rights in the English language, and this was witnessed by BPA A. Mills. ORTIZ
11  stated that she understood her rights and was willing to answer question without the
12  presence of an attorney. During the interview, ORTIZ stated that he was born in Glendale,
13  California, and that she is a United States citizen. ORTIZ stated she understood that she
14  was arrested today for alien smuggling.  ORTIZ stated the people then got into the car.
15  ORTIZ stated that she was not being paid to pick them up, but they did it because they
16  were told to. ORTIZ stated that she was not sure if her friend, JIMENEZ was being paid.
17  ORTIZ stated that they did not tell her where they were taking the aliens. ORTIZ stated
18  that she understood what was happening when they got on the freeway leaving Yuma. At
19  approximately 4:24 p.m., the interview with ORTIZ was restarted in order to show her six
20  pack photo #1. ORTIZ was reread her Miranda rights and again she agreed to speak without
21  the presence of an attorney present. ORTIZ was provided with six pack photo line up #1
22  and she positively identified photo #1 and the driver of the Buick. Photo #1 represents the
23  principal, Kimberley Ann JIMENEZ.
24       15.    Material Witness TIENDA stated she was born in Hidalgo, Mexico and stated
25  that she is a citizen of Mexico.  TIENDA stated that she does not possess any immigration
26  documents that would allow her to work or reside in the United States legally. TIENDA
27  stated that her family made the arrangements for her to be smuggled to the United States
28  illegally for $3,000 USD. TIENDA was presented with Six-Pack photo line-up 1 and was

able to identify Kimberley Ann JIMENEZ in photo # 1 as the driver. TIENDA was presented with Six-Pack photo line-up 2 and was not able to identify anyone from the photos.

16.     Material Witness CORRAL stated he was born in Mexicali, Mexico and stated that he is a citizen of Mexico.  CORRAL stated that he does not possess any immigration documents that would allow him to work or reside in the United States legally.  CORRAL was presented with Six-Pack photo line-up 1 and was not able to identify anyone from the photos.  CORRAL was presented with Six-Pack photo line-up 2 and was not able to identify anyone from the photos.

17.     During a search incident to arrest of JIMENEZ, SBPA A. Mills observed a cellphone with a "1+" symbol on the back (Target Device #1) in JIMENEZ's hand. A white/black iPhone (Targe Device #2) and a blue T-Mobile cellphone (Target Device #3) were found by BPA J. Bourque inside a black-grey colored purse that belonged to JIMENEZ. A Samsung cellphone (Target Device #4) was observed by SBPA A. Mills in ORTIZ's hand. A light blue Samsung cellphone (Target Device #5) was found by BPA A. Alcala in TIENDA-Santos' pants pocket. A Samsung cellphone (Target Device #6) was found by BPA A. Alcala in CORRAL-Quintanar's pants pocket.  All claimed ownership of their cellphone and they were seized as evidence.

18.     I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on April 12, 2023, up to and including May 12, 2023, the day after the arrests of JIMENEZ, ORTIZ, TIENDA and CORRAL.

**METHODOLOGY**

19.    It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books, and can be mini computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20.    Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual

1  review, and, consequently, may take weeks or months. The personnel conducting the

2  identification and extraction of data will complete the analysis within ninety (90) days of

3  the date the warrant is signed, absent further application to this Court.

4  **CONCLUSION**

5  22.    Based on all of the facts and circumstances described above, I believe that

6  probable cause exists to conclude that JIMENEZ and ORTIZ used the Target Devices to

7  facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate

8  the offense by transmitting and storing data, specifically that described in Attachment B,

9  which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also

10  believe that probable cause exists to believe that evidence of illegal activity committed by

11  JIMENEZ and ORTIZ, the Material Witnesses, and others continues to exist on the Target

12  Devices. Therefore, I respectfully request that the Court issue this warrant.

13  I swear the foregoing is true and correct to the best of my knowledge and belief.

15
16  Robert Perez, Border Patrol Agent
United States Border Patrol

18  Attested to by the applicant in accordance with the requirements of Fed. R. Crim.

19  P. 4.1 by telephone on this 26th day of May, 2023.

21  1:50 p.m.

22  HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A-1
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**           Blue Revvl Cellphone
Model: Unknown
With no other identifying numbers and features
Seized from Kimberley Ann JIMENEZ
**(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-2**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**                    Black and White Iphone
                           Model: Unknown
                           IMEI: Unknown
                           Seized from Kimberley Ann JIMENEZ
                           **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-3
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**          Blue Tmobile Cellphone
                  Model: Unknown
                  IMEI: Unknown
                  Seized from Kimberley Ann JIMENEZ
                  **(Target Device #3)**

 

The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**          Samsung Cellphone
                  Model: Unknown
                  IMEI: Unknown
                  Seized from Irma Rosa ORTIZ
                  **(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-5
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**            Light Blue Samsung Cellphone
                    Model: Unknown
                    IMEI: Unknown
                    Seized from Denisse Marlen TIENDA-Santos
                    **(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-6
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-6**:  Samsung Cellphone
Model: Unknown
IMEI: Unknown
Seized from Haydeel CORRAL-Quintanar
**(Target Device #6)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# ATTACHMENT B

## ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of April 12, 2023, up to and including May 12, 2023, and is limited to the following:

a.      tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.      tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.      tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.      tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.      tending to identify the user of, or persons with control over or access to, the Target Device;

f.      tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.